UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE GILMORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-695** |
| **KENNER PC III, L.L.C.** | **SECTION: "G"(1)** |

# ORDER

Before the Court are Defendant Kenner PC III, L.L.C.'s ("Defendant") "Motion to Set Aside Entry of Default"[1] and "Motion for Leave to File Answer."[2] The motions were noticed for submission on June 29, 2022. Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[3] Thus, Plaintiff's oppositions to the motions were due on June 21, 2022. To date, Plaintiff has not filed an opposition to either motion, so therefore the motions are deemed unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[4]

Federal Rule of Civil Procedure 55(c) states that federal district courts "may set aside any entry of default for good cause." When determining whether good cause exists to set aside an entry of default, "the district court should consider whether the default was willful, whether setting it

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 9.

[3] EDLA Local Rule 7.5.

[4] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

1

aside would prejudice the adversary, and whether a meritorious defense is presented."[5] The Fifth Circuit has emphasized that "[d]efault judgments are a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations."[6]

Here, the Court finds that good cause exists to set aside the preliminary entry of default against Defendant. Under the first factor, the Court finds that Defendant's default was not willful. Defendant represents that it forwarded the complaint to its insurer, who has not indicated a willingness to accept coverage, and failed to then engage counsel to timely file an answer out of "excusable neglect" rather than "willful non-compliance."[7] Moreover, Plaintiff has not opposed the instant motion and thus has not explained how it would be prejudiced if the Court were to set aside the entry of default. Finally, Defendant contends that it will present a meritorious defense to Plaintiff's claim that the parking lot and curbs on Defendant's property are in violation of the Americans with Disabilities Act ("ADA") by answering that the parking lot and curbs are ADA compliant.[8] Furthermore, Defendant argues that it would assert that Defendant "has received no other ADA complaints prior to Plaintiff's Complaint."[9] The Court finds that some meritorious defense exists in this case because "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default" based on Defendant's "definite factual allegation."[10] Considering these factors, in addition to the Fifth Circuit's guidance that

---

[5] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 545 (5th Cir. 2014) (internal citations omitted).

[6] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[7] Rec. Doc. 8-1 at 4.

[8] *Id.* at 5–6.

[9] *Id.* at 6.

[10] *See Scott v. Carpanzano,* 556 F. App'x 288, 296 (5th Cir. 2014).

default judgments are a "drastic remedy," setting aside the entry of default against Defendant is appropriate. Furthermore, with the entry of default against Defendant set aside, Defendant may file an answer to the complaint. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Set Aside Entry of Default"[11] is **GRANTED**. The Clerk of Court's Preliminary Entry of Default[12] is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Leave to File Answer"[13] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this 29th day of June, 2022.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 8.

[12] Rec. Doc. 7.

[13] Rec. Doc. 9.